NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____  :
                                     :
TAMMY L. STEFANICK,                  :
                                     :
            Plaintiff,               :   Civil No. 06-1854 (RBK)
                                     :
      v.                             :   **OPINION**
                                     :
COMMISSIONER OF SOCIAL               :
SECURITY,                            :
                                     :
            Defendant.               :
_____  :

**KUGLER**, United States District Judge:

     This matter comes before the Court upon appeal by Plaintiff Tammy L. Stefanick ("Stefanick"), pursuant to 42 U.S.C. § 405(g), for review of a final determination of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB"). For the reasons set forth below, the Court affirms the ALJ's decision.

I.   BACKGROUND

     Stefanick, a 31 year old woman, alleges that she is disabled with an onset date of July 3, 2003 due to a severe bipolar disorder with manic depression that causes her to suffer difficulty interacting with others.  Moreover, Stefanick alleges that her disorder causes her persistent fatigue and general difficulties in her day-to-day functionality. She has a high

school education, and her past relevant work includes working as an Army National Guard Motor Transport Operator, a supply clerk with the United States Marine Corps, and a carrier for the United States Postal Service.

Stefanick's medical records demonstrate that she initially complained of an increase in anger and mood swings, as well as easy agitation in June of 2002.  At the time, her physician prescribed Paxil and referred her to psychotherapy.  On February 8, 2003, Stefanick entered the Hampton Behavioral Health Center for treatment of her depression.  She remained hospitalized until February 12, 2003. In her discharge summary, the physician noted that during the course of her treatment, Stefanick was "anxious, agitated and depressed," and that upon her discharge, she was "no longer depressed."  Her discharge diagnosis was bipolar disorder.

Upon referral from a state agency, Dr. Mark H. Kinder, PhD, evaluated Stefanick on September 11, 2003.  Stefanick complained of "low patience," a volatile temper, and no tolerance for others.  Dr. Kinder diagnosed Stefanick with major depressive disorder.

In November 2003, New Vision Counseling evaluated Stefanick. The evaluating therapist, Jeni Woods, noted that Stefanick was depressed but not on medication.  Woods evaluated Stefanick again in December 2003, and noted that Stefanick demonstrated improvement since the initial evaluation, and that Stefanick was

then taking Lithium and Lexapro.  However, Woods evaluated Stefanick again in March 2004, at which time she noted that Stefanick's condition declined.  At that time, Stefanick took Lithium and Lorazepam. Woods also noted that Stefanick's mood was not "depressed," but rather "angry," and that Stefanick "thinks about hurting other people to make them think."

Reeta Rohatgi, MD, evaluated Stefanick on March 17, 2004. Dr. Rohatgi noted that Stefanick was "alert and fairly cooperative," but she talked loudly and was "hyperverbal."  Dr. Rohatgi also noted that Stefanick was easily agitated, tearful, and despondent. Dr. Rohatgi also noted that "she feels she would be better off if she was no longer living and everyone would be happy but she states she would not hurt herself or do anything because of her children."  Dr. Rohatgi diagnosed Stefanick as having bipolar affective disorder.  She recommended that Stefanick continue taking lithium, and prescribed zyprexa and individual psychotherapy.

Dr. Rohatgi also completed a "Medical Source Statement" form for Stefanick during the March 17, 2004, evaluation.  In this form, Dr. Rohatgi noted that Stefanick was "markedly limited" in her ability to maintain attention and concentration for extended periods of time, as well as her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances.  In addition, Dr. Rohatgi found

Stefanick to be "markedly limited" in her ability to work in coordination with or proximity to others without being distracted and to complete a normal workday.  Dr. Rohatgi also found Stefanick to be "markedly limited" in her ability to engage in social interaction, as well as her ability to travel in unfamiliar places or to take public transportation.

Dr. Rohatgi evaluated Stefanick on a number of occasions throughout April and May of 2004.  During this time frame, Stefanick's condition deteriorated, including violent outbursts and dramatic mood swings.

Frederic Harris, PhD, evaluated Stefanick in August 2004, because Stefanick wanted to enroll at the VA Medical Center.  At that time, Dr. Harris noted that Stefanick's depression improved as a result of taking Depakote and Zoloft, although the medications interrupted Stefanick's sleep patterns.

Stefanick filed for SSI based on her disability on July 9, 2003.  The Social Security Administration denied her claim on October 20, 2003.  Stefanick requested a hearing before an Administrative Law Judge ("ALJ") on October 28, 2003.  ALJ Ritter presided over a hearing on August 20, 2004, and denied Stefanick's appeal on March 8, 2005.  In his opinion, ALJ Ritter stated that although Stefanick has bipolar affective disorder, she is merely restricted in her capacity to work, and not completely unable to work.  ALJ Ritter found that Stefanick could

engage in low stress work with minimal social interaction.

Stefanick appealed the ALJ's decision on March 16, 2005, which the Appeals Council denied on February 17, 2006. At that time, the ALJ's decision became the final determination of the Commissioner of Social Security. Stefanick appealed to this Court on April 21, 2006. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

**II.   STANDARD OF REVIEW**

District Court review of the Commissioner's final decision is limited to ascertaining whether the decision is supported by substantial evidence. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Morales v. Apfel, 225 F.3d 301, 316 (3d Cir. 2000) (quoting Plummer v. Apfel, 186 F.3d 422, 422 (3d Cir. 1999)). If the Commissioner's determination is supported by substantial evidence, the Court may not set aside the decision, even if the Court "would have decided the factual inquiry differently." Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001) (citing Hartranft, 181 F.3d 358, 360 (3d Cir. 1999)); see also Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992) (citing Early v. Heckler, 743 F.2d 1002, 1007 (3d Cir. 1984) ("A district court may not weigh the evidence or substitute its conclusions for

5

those of the fact-finder.").

Nevertheless, the reviewing court must be wary of treating "the existence vel non of substantial evidence as merely a quantitative exercise" or as "a talismanic or self-executing formula for adjudication." Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983) ("The search for substantial evidence is thus a qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham."). The Court must set aside the Commissioner's decision if the Commissioner did not take into account the entire record or failed to resolve an evidentiary conflict. Schonewolf v. Callahan, 972 F. Supp. 277, 284-85 (D.N.J. 1997) (citing Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978)) ("[U]nless the [Commissioner] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational."). Furthermore, evidence is not substantial if "it constitutes not evidence but mere conclusion," or if the ALJ "ignores, or fails to resolve, a conflict created by countervailing evidence." Wallace v. Secretary of Health and Human Servs., 722 F.2d 1150, 1153 (3d Cir. 1983) (citing Kent, 710 F.2d 110, 114 (3d Cir. 1983)).

6

**III. Discussion**

    The Commissioner conducts a five step inquiry to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; <u>Jones v. Barnhart</u>, 364 F.3d 501, 503 (3d Cir. 2004). The Commissioner first evaluates whether the claimant is currently engaging in a "substantial gainful activity." Such activity bars the receipt of benefits. 20 C.F.R. § 404.1520(a). The Commissioner then ascertains whether the claimant is suffering from a severe impairment, meaning "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). If the Commissioner finds that the claimant's condition is severe, the Commissioner determines whether it meets or equals a listed impairment. 20 C.F.R. § 404.1520(d). If the condition is equivalent to a listed impairment, the claimant is entitled to benefits; if not, the Commissioner continues to step four to evaluate the claimant's RFC and analyze whether the RFC would entitle the claimant to return to her "past relevant work." 20 C.F.R. § 404.1520(e). The ability to return to past relevant work precludes a finding of disability. If the Commissioner finds the claimant unable to resume past relevant work, the burden shifts to the Commissioner to demonstrate the claimant's capacity to perform work available "in significant numbers in the national economy." <u>Jones</u>, 364 F.3d at 503 (citing 20 C.F.R. §

404.1520(f)).

Here, ALJ Ritter determined that Stefanick did not engage in a substantial gainful activity since the onset of her alleged disability.  Next, ALJ Ritter determined that Stefanick has bipolar affective disorder, an impairment, but that this impairment does not meet or medically equal one of the listed impairments in the Regulations.  The ALJ next found that Stefanick's allegations regarding her emotional problems were credible to the extent that they restricted her capacity to work, but not to the extent that her problems prevented her from working entirely. Accordingly, the ALJ determined that Stefanick has an RFC to perform the "non-exertional requirements of work except for performing work which is more than simple and low stress and requires no more than minimal social interactions." Finally, the ALJ determined that Stefanick cannot return to her past relevant work. ALJ Ritter relied on the vocational expert's testimony that there are significant numbers of jobs in the national economy which Stefanick can perform.

Stefanick argues that the ALJ failed to properly evaluate the opinions of the treating physicians in the record.  In addition, Stefanick argues that the ALJ erred in his determination of Stefanick's credibility, as well as his formulation of Stefanick's RFC.  The Commissioner argues that there is substantial evidence in the record to support the ALJ's

8

findings and therefore, this Court must affirm the Commissioner's decision.

### A. Medical Evidence

Stefanick contends that the ALJ failed to attribute substantial weight to Dr. Rohatgi's opinion.[1] However, an ALJ is only required to give controlling weight to the opinion of a treating physician regarding the severity of an impairment when that opinion is found to be well-supported by medically-acceptable diagnostic techniques and not inconsistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2).

In this case, ALJ Ritter discussed Dr. Rohatgi's opinion from the initial evaluation. In particular, ALJ Ritter discussed what he perceived as internal inconsistencies between the functionality assessment Dr. Rohatgi assigned and the limitations Dr. Rohatgi noted. Moreover, ALJ Ritter made note that in other evaluations with other doctors, the record reveals that with medication, Stefanick improved dramatically. In particular, ALJ Ritter referenced that after four days of hospitalization in February 2003, during which time Stefanick received medication to treat her bipolar disorder, Stefanick's condition improved

---

[1] Stefanick also argues that the ALJ failed to classify Dr. Rohatgi as a "treating" physician. Specifically, the ALJ noted in his opinion that Dr. Rohatgi only evaluated Stefanick once. In the brief opposing Stefanick's appeal, the Commissioner admits this error, and concedes that Dr. Rohatgi is a treating physician.

dramatically.  Moreover, ALJ Ritter referenced Stefanick's own testimony at the hearing, in which Stefanick stated that the medications prescribed by her VA physician, Dr. Harris, helped her.  Specifically, Stefanick stated that she was able to care for and interact with her children, as well as engage in household chores such as laundry and cooking. Dr. Harris's progress notes from her treatment at the VA corroborate Stefanick's testimony, as the notes indicate that Stefanick is "significantly improved" in the first two weeks of taking Depacote and Zoloft.

There are records from multiple treating physicians in the record, and some, particularly those of Dr. Harris, are more recent than others.  Although the ALJ erred in not noting and fully discussing Dr. Rohatgi's evaluations subsequent to her initial evaluation of Stefanick, the Court deems it harmless error, as there is evidence from a treating physician after this time to support the ALJ's determination that Stefanick's disorder is reasonably controlled by her current medication.

ALJ Ritter discussed the relevant medical opinions in his decision and apportioned the weight due to each, and there is substantial evidence in the record to support his decision in this regard.

    B.   Credibility

Stefanick argues that the ALJ erred in his determination of

Stefanick's credibility. The Court disagrees.

An ALJ must corroborate subjective complaints regarding a disability with objective medical evidence. 20 C.F.R. § 404.1529(a). However, an ALJ cannot "supplant[] the opinions of a claimant's treating and examining physicians with [the ALJ's] personal observation and speculation." See Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000).

In this case, ALJ Ritter compared Stefanick's subjective complaints regarding her alleged complete disability with other evidence in the record.  Accordingly, ALJ Ritter concluded that Stefanick is not completely disabled as a result of her bipolar disorder, but merely limited in her ability to work. The ALJ noted that, with medication, Stefanick is able to perform various household chores and care for three small children.  The ALJ also considered the medical evidence in drawing this conclusion.

ALJ Ritter acted within his discretion when he determined that Stefanick's subjective complaints of her disability were inconsistent with other evidence in the record.  See Woody v. Secretary of Health and Human Servs., 859 F.2d 1156, 1159 (3d Cir. 1988) ("In demonstrating his disability, [a] claimant may not rely solely on his own stated symptoms, but must provide medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical,

11

physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which . . . would lead to a conclusion that the individual is under a disability.") Therefore, the Court finds substantial evidence in the record to support ALJ Ritter's decision on this issue.

### C.   RFC Determination

Stefanick argues that the ALJ erred in his determination that Stefanick retains the RFC to perform "the non-exertional requirements of work except for performing work which is more than simple and low stress and requires no more than minimal social interactions." Specifically, Stefanick argues that "in arriving at this conclusion, the ALJ rejected every medical opinion concerning RFC of record, and instead . . . arbitrarily arrived at a formulation of RFC that is not supported by substantial evidence."  The Court finds this argument completely without merit.

As previously discussed, ALJ Ritter took into account all the evidence in the record, including the various treating physicians and Stefanick's own testimony.  The ALJ afforded appropriate weight to these various sources, and there is substantial evidence in the record to support his decision that with medication, Stefanick is not completely disabled.

### IV. Conclusion

12

Because ALJ Ritter's decision is supported by substantial evidence in the record, this Court affirms his decision that Stefanick is not completely disabled and is therefore not entitled to DIB.

Dated: 5/15/2007                    s/Robert B. Kugler
                                    ROBERT B. KUGLER
                                    United States District Judge